# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

GEORGE D. MACKAY and TRACY F. NEWMAN, Respondents,
*v.* TIDE WATER OIL COMPANY, Appellant

First Department, January 10, 1919.

**Principal and agent — action to recover commissions for arranging
sale of gasoline — letters between parties constituting option to
purchase — when revocation of option too late to affect right to
commissions — evidence insufficient to establish that plaintiffs
produced purchaser ready and willing to perform contract.**

In an action to recover commissions for arranging a sale of gasoline, the
contract of employment was evidenced by two letters of the defendant
addressed to the plaintiffs, one of which stated " this is subject to pre-
vious sale." Three days later the plaintiffs introduced to defendant's
second vice-president, who had written the letters, a party through whom
they sought to arrange a sale. Upon this party stating that he did not
consider the letters to the plaintiffs an option, a letter was given to him
by the defendant stating that it had given an option to the plaintiffs
which expired on a certain date, and that it would hold the option open
for said party one week from the date of notification to the plaintiffs.
Five days later, the day after the option to the plaintiffs under the original
employment expired, the defendant wrote to them giving notice that
their option would finally expire one week from date, but did not so
notify the said party presented by plaintiffs. Two days before the final
expiration of their option the plaintiffs notified defendant that they
were exercising the option and asked him to prepare a contract and he
thereupon gave them written notice withdrawing and canceling the

option which was addressed both to the plaintiffs and to the party formerly presented by them.

*Held*, that this revocation was too late to affect the rights of the plaintiffs to their commission if they had a *bona fide* customer who was ready, able and willing to enter into a contract on the terms and conditions specified in the employment.

The alleged purchaser not having been produced to the defendant and no evidence having been given tending to show that he was ready, able and willing to enter into and perform a contract on the terms and conditions specified, the plaintiffs failed to establish their cause of action and the direction of a verdict in their favor was erroneous. In a brokerage case this is an essential element of the cause of action.

APPEAL by the defendant, Tide Water Oil Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 23d day of February, 1918, as amended by an order entered in said clerk's office on the 13th day of March, 1918, *nunc pro tunc* as of February 23, 1918.

The judgment was entered upon the verdict of a jury rendered by direction of the court. An appeal is also taken from an order entered in said clerk's office on the 12th day of March, 1918, denying defendant's motion for a new trial made upon the minutes.

*George L. Ingraham* of counsel [*Eugene Mackey* with him on the brief; *Gay & Goddard*, attorneys], for the appellant.

*Frederick M. Czaki* of counsel [*Marion Erwin* with him on the brief; *Erwin, Fried & Czaki*, attorneys], for the respondents.

PAGE, J.:

The action is to recover a commission of one-half cent per gallon on 20,000,000 gallons of gasoline, which it is claimed the defendant agreed to pay the plaintiffs if they arranged a sale of said gasoline at and for the price of 18½ cents per gallon. The contract of employment is evidenced by two letters dated December 3, 1915. The first is addressed to the plaintiffs and signed by Mr. Brown, the second vice-president of the defendant, stating that it had for delivery in the year 1916, 20,000,000 gallons of gasoline, first delivery March first and completion by December thirty-first. " You

are authorized to negotiate a sale of this quantity at 18½ cents U. S. gallon f. o. b. our docks, Constable Hook, Bayonne, N. J.    Terms cash.    * * *    This subject to previous sale.    Above price good until December 10th, 1915."    The second letter fixes the terms of compensation as follows: " Herewith I am quoting you on 20,000,000 gallons of gasoline for delivery 1916.    If you arrange a sale of this gasoline at a price which we will accept, you will be paid a commission of ½ c. per gallon."

On December sixth the plaintiffs introduced Charles Martin to Brown.    Martin represented a bank in Paris which was supposed to have connections with the French government. Martin testified that he did not consider the letter of December third to plaintiffs an option, because it contained the words " This subject to previous sale."    He, therefore, insisted on the matter being made clear, and the letter of December sixth was given to him, which reads as follows, addressed to Martin at his Paris address:    " We have given Messrs. Mackay and Newman an option on 20,000,000 gallons of 60°–62° gasoline which expires December 10th.    We understand that Messrs. Mackay and Newman are negotiating for this gasoline for parties you represent.    We do not care to give you a firm option of this amount at the price to a time extending beyond December 10th, however I beg to assure you that we will not dispose of this gasoline without further communication with you, and we will notify Messrs. Mackay and Newman if we intend to dispose of it and will hold this open for you for one week from the date of notification to Messrs. Mackay and Newman.    This will continue from time to time, but will expire by limitation on January 1st, 1916."    It is the defendant's contention that it had given to Martin an option on the 20,000,000 gallons, and that if it had sold to any other customer of plaintiffs it would have been obligated to Martin to sell to him 20,000,000 gallons.    It very evidently was for the purpose, as expressed by Martin, to guard against a previous sale without notice by the defendant to some one other than a customer of the plaintiffs.    The defendant refused to give a firm option beyond December tenth at the price.    That it was not understood that Martin had an option, and that Mackay and Newman had no right to sell to others than those

whom Martin represented, would appear from the fact that Brown wrote to plaintiffs on December 11, 1915, the day after the option of December third expired: " In regard to the option which you have from me to buy 20,000,000 gallons of gasoline at 18½ cents per gallon, and in accordance with my previous correspondence with you, I beg to notify you that I hereby give you notice that your option will finally expire one week from today, that is on December 18th, 1915, at noon. If, therefore, you desire to accept my offer, it will be necessary for you to notify us to that effect, make satisfactory financial showing and make agreement with us in regard to payments, amounts of deliveries, shipments, etc., before noon December 18th."   It is to be noted that this notice was sent to the plaintiffs, and not to Martin, and, further, that this was not in accordance with the letter to Martin in which notice was to be given if the defendant proposed to dispose of it under its reserved right that the option was subject to sale.   Mackay testified that he showed this letter to Martin, and Martin said: " That puts me out of it; I can do nothing with only a week's limitation."   On December fourteenth Brown wrote a further letter wherein he specified in detail the lines on which the defendant was willing to contract. This letter was sent to the plaintiffs and not to Martin.   On December sixteenth Mackay and Newman called on Brown and handed him a letter, in which they stated they were exercising their option for 20,000,000 gallons of gasoline for delivery in 1916, and asked him to prepare a contract to be delivered on the making of satisfactory financial guaranties. Brown asked who was their party, and they told him Thomas J. Ryan.   Then Brown asked what about Martin, and they told him Martin was out of it, and he told them Martin had been in the day before and he had given him samples.   A good deal of discussion took place, during which both sides sent for their lawyers and Brown prepared and handed to the plaintiffs the following: " Take notice that an option heretofore given you or some of you for the purchase of 20,000,000 gallons of gasoline for delivery during the last ten months of 1916 is hereby withdrawn and cancelled."   This letter was addressed to the plaintiffs and Martin.

This revocation was too late to affect the rights of the

plaintiffs to their commission if they had a *bona fide* customer who was ready, able and willing to enter into a contract on the terms and conditions specified in the employment. These facts are alleged in the complaint and denied in the answer, and I do not find that there was any proof offered on this subject. The alleged purchaser was not produced to the defendant. This, however, in view of the revocation, is not serious. But he was not produced as a witness. Nor was any evidence given tending to show that Ryan was ready, able and willing to enter into and perform a contract on the terms and conditions specified. In a brokerage case this is an essential element of the cause of action. The plaintiffs failed to establish their cause of action, and a direction of a verdict in their favor was erroneous.

Therefore, without considering whether there was conflicting evidence on any of the issues which should have been submitted to the jury, I am of opinion that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concurred; SMITH, J., concurred in part.

SMITH, J. (concurring in part):

I construe the letters of December third as options subject to previous sale and subject to cancellation before the customer is produced. The letter to Martin of December sixth was written with the consent and upon the procurement of these plaintiffs. The plaintiffs were present when the letter was written and assisted in its construction. That letter construed the option theretofore given to the plaintiffs as an option which would expire upon December tenth. To that time a firm option was given to Martin, and thereafter the letter purported to give to Martin an option which should be good for one week after notice, which notice was to be given to these plaintiffs. Up to this point the option given to the plaintiffs by the letters of December third was not in any way enlarged, except so far as the option was extended to Martin and his customer for one week after notice should be given to the plaintiffs beyond December tenth. After the

writing of this letter the plaintiffs had no right to sell, except to Martin and his customer. This necessarily follows by reason of the obligation assumed to Martin in the letter of December sixth. Up to December tenth, at least, the option to Martin was binding upon the defendant, so that Martin could have insisted upon the sale of the gasoline upon producing the purchaser, and that option was not subject to previous sale, nor could it be rescinded. If we assume for the argument that after December tenth the defendant had the right of cancellation of the option given to Martin, nevertheless, after that time there was no option given to the plaintiffs to sell to any one except Martin or Martin's customer, unless the general option which had originally existed in the plaintiffs had been extended by the letter of December eleventh. I can find in that letter no intention whatever to extend any general option. That refers to the option already existing which, by the modification of December sixth, was limited to a sale to Martin or Martin's customer. It speaks of previous correspondence " with you." I think there can be no doubt that this refers to the letter of December sixth. Although that letter was in form addressed to Martin, it was therein provided that this specific notice should be given to the plaintiffs, and no ambiguity has been created by referring to correspondence with the plaintiffs. Moreover, the week's notice is therein specified as given pursuant to that correspondence, and the letter of December sixth to Martin is the only correspondence which provides for this notice. It seems clear to my mind, therefore, that after December sixth the plaintiffs had no general option but simply an option to sell to Martin or his customer. I find nothing in the letter of December eleventh extending beyond December tenth the general option given to plaintiffs by the letters of December third.

I concur, therefore, for reversal, and vote for a dismissal of the complaint.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.